WIRT ADAMS, STATE REVENUE AGENT, *v.* LOUIS E. COX ET AL.

1. BOARD OF SUPERVISORS. *Dramshop-keeper's bond. Judgment. Release. Code* 1892, § 1582.

    A board of supervisors have no authority to release the county's half interest in a judgment on a dramshop-keeper's bond, recovered under code 1892, § 1582, providing for suits on such bonds one-half the recovery to be paid the county and the other half to the informer.

2. SAME. *State revenue agent. Laws* 1894, *p.* 29.

    Where, in an action on a dramshop-keeper's bond judgment was rendered, and pending an appeal one-half was paid to the informer and a release of the county's half was, without authority, executed by the board of supervisors, the state revenue agent is empowered (laws 1894, p. 29) to sue the bondsmen and recover the amount due the county.

FROM the chancery court of Jackson county.

HON. STONE DEVOURS, Chancellor.

Wirt Adams, State Revenue Agent, appellant, was complainant in the court below. Cox and others, appellees, were de-

fendants there. The facts were these: The appellee, Cox, was a licensed dramshop keeper in the county of Jackson. · He had executed a bond as required by law (code 1892, § 1582), to be given by dramshop keepers. A suit was instituted on said bond, one A. Soderstram being the informer, and a judgment was obtained at law in said suit on said bond against Cox, the dramshop keeper, and his sureties, the sureties being the other appellees in this case. The defendants in the judgment at law appealed therefrom to the supreme court. Pending this appeal the defendants in the judgment paid Soderstram, the informer, $1,000, one-half of the recovery, and obtained from the board of supervisors of the county (the county under the statute, code 1892, § 1591, being entitled to the other half) a release and discharge from liability. This proceeding was called a compromise of the judgment. The appeal to the supreme court from the judgment at law was then abandoned. Adams, the state revenue agent, being advised in the premises, instituted this suit in the chancery court of Jackson county, setting up the facts and praying for a decree against Cox and his sureties, the appellees, for the sum of $1,000 with interest, as due the county of Jackson. The right of the revenue agent to bring the suit was predicated of the laws of 1894, p. 29, providing that the state revenue agent shall have power to proceed by suit against all officers, county contractors, persons, corporations, companies, and associations . . . for damages growing out of the violation of any contract with the state, county, municipality, or levee board, and shall further have a right of action in all cases where the state or any county, municipality, or levee board might sue.

The court below decreed in favor of the defendants, and Adams, state revenue agent, appealed to the supreme court.

*C. E. Chidsey,* for appellant.

The suit on the liquor bond for breach of its conditions was a suit by the state of Mississippi, and the judgment was a

judgment for the state, over which neither the informer nor the board of supervisors had any authority or control, and could be compromised or settled only by the state in the manner prescribed by law. This point was clearly stated by this court in *Albrecht* v. *State,* 62 Miss., 517.

The fact that the penalty of the bond when recovered was to be paid one-half to A. Soderstram, the informer, and the other half into the county treasury, did not in the least particular alter the nature of the suit nor the relation of the parties to it, nor did it give the informer or the board of supervisors authority over the suit either before or after judgment to release the defendants from the share of the judgment that was due the state and payable to the county treasury. The fact that the private counsel, employed by the informer, was really as well as nominally representing the state, did not clothe him with authority to release the defendants from that part of the penalty payable to the state. That only could be done by the proper officers of the state acting in the manner prescribed by law.

The contention of the appellees that the board of supervisors acted in good faith "in broad open daylight," though very eloquent, is merely begging the question. We are not concerned with the honesty, integrity, or sincerity of the board, but only with the question of whether or not its action was legal or illegal.

The legislature has in no instance granted to the board of supervisors authority to release either the principal or sureties on a liquor bond from the penalty, either while suit is still pending or after judgment has been recovered by the state. Nor does such authority follow as a necessary incident, nor is it to be fairly implied from the authority conferred by the legislature upon municipal bodies to bring suit upon liquor bonds (code 1892, § 590). Nor is it essential to the declared objects and purposes of the creation and existence of such

municipal bodies, and therefore does not follow by implication. Code 1892, §§ 1572, 1573, prescribes the method by which all debts of a doubtful nature due the state or county or any municipality may be compromised, and that method must be followed, and any departure therefrom will make the compromise illegal and void.

That the revenue agent is authorized to maintain this suit cannot be questioned. Laws 1894, p. 29.

*Green & Green* and *Ford & White,* for appellees.

That the whole control of county litigation is in the board of supervisors is indisputable. Here there was, at least, some apparent interest of the county involved, and the board was fully authorized to direct and settle the litigation so far as the county was concerned, according to its own discretion. *State* v. *Fragiacomo,* 71 Miss., 425.

CALHOON, J., delivered the opinion of the court.

The right of the state revenue agent to bring this suit is clear. Laws 1894, p. 29.

The action at law on the liquor bond of L. E. Cox was an action by the state through the informer. *Albrecht* v. *State,* 62 Miss., 517; code 1892, § 1582; code 1880, § 1104. If the sum for which judgment was rendered had been obtained by the sheriff on execution, it was his duty to give half of it to the county, and half to the informer. The parties could not validly pay voluntarily any other way.

Judgment was rendered, and pending appeal the defendant bondsmen, by arrangement, paid the informer half the judgment, and procured from the county board of supervisors a relinquishment of all claims to the one-half coming to the county. They thereupon ceased to prosecute their appeal. This compromise—for such in fact it was—giving the informer all, was beyond the power of either the informer or the county.

Any other view would put it in the power of informers or boards of supervisors to nullify the policy of § 1582, to prevent riotous and disorderly dramshops.

The admissions of the answers to the bill in the record before us entitled the revenue agent to a decree. Reversed, and decree here for complainants against L. E. Cox, B. J. Jane, W. M. Canty, and John Y. Morgan for $1,000, with six per centum interest per annum from April 29, A. D. 1899, the date of the judgment at law, and costs.

*Reversed.*